# Third District Court of Appeal

## State of Florida

Opinion filed November 04, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2332
Lower Tribunal No. 12-1635
_____


**Johnnie Mathis**,
Appellant,

vs.

**Estate of Charlyn Louise Mathis,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Maria M. Korvick, Judge.

Beresford A. Landers, Jr., for appellant.

No appearance, for appellee.


Before ROTHENBERG, SALTER, and SCALES, JJ.

ROTHENBERG, J.

Johnnie Mathis ("Johnnie") appeals the denial of his Amended Petition for Subsequent Administration filed pursuant to Florida Probate Rule 5.460. Because further administration of the estate is required to interpret Johnnie's interest in the estate and to effectuate the testator's intent under her last will and testament, we reverse and remand for further proceedings.

In 2003, Charlyn Louise Mathis ("decedent") executed her last will and testament, which reflects that her intent was to leave her homestead property ("the property") to her daughter, Kathleen Mathis, and upon Kathleen's demise, to Johnnie. However, the will also provides that if the property was sold for any reason, the proceeds from the sale were to be divided and distributed as follows: Kathleen (60%), Johnnie (30%), and the decedent's other children and grandchildren (10%).

A few months after executing her last will and testament, the decedent passed away. At that time, the decedent was survived by Kathleen and Johnnie, who were living with the decedent at the property, and several other adult children.

In May 2012, almost ten years after the decedent had passed away, Kathleen filed a petition for administration and an emergency petition to appoint a curator and to stay the scheduled tax deed sale of the property, which the trial court granted. The following month, Johnnie, who was still living at the property, paid over $14,000 in outstanding property taxes to avoid the tax deed sale. Thereafter,

the curator filed a petition to determine the homestead status of the property, and the trial court admitted the will to probate.

After the trial court entered an order finding that the decedent's property was the decedent's homestead at the time of her death and after the order was recorded in the public records, the curator filed a petition for discharge asserting that the estate had been fully administered, and in November 2013, the trial court discharged the curator, and the probate court closed the estate. The following month, on December 21, 2013, Kathleen sold the property to a third party. Johnnie learned of the sale when the third party filed an eviction action against him. In response, Johnnie filed a petition seeking the subsequent administration of the decedent's estate or in the alternative to reopen the estate, alleging that Kathleen had sold the property, but was refusing to give him his 30% of the proceeds, as required by the decedent's last will and testament, and to reimburse him for the $14,000 he paid to the Tax Collector to protect the property from being sold at a tax deed sale. Following a hearing, the trial court denied Johnnie's petition, and this appeal followed.

Johnnie contends that the trial court abused its discretion by denying his amended petition for subsequent administration filed pursuant to Florida Probate Rule 5.460(a). We agree.

Rule 5.460(a) provides as follows:

**Petition.** If, after an estate is closed, additional property of the decedent is discovered <u>or if further administration of the estate is required for any other reason</u>, any interested person may file a petition for further administration of the estate. The petition shall be filed in the same probate file as the original administration.

(emphasis added).

In essence, Johnnie sought the subsequent administration of the estate to determine his interest in the estate and to effectuate the provision in the will entitling him to receive 30% of the proceeds from the sale of the property after it was sold by Kathleen. Although Kathleen opted to sell the property, which she was permitted to do under the will, the will also required that Johnnie was to receive 30% of the sale proceeds. We therefore conclude that the trial court abused its discretion by denying Johnnie's petition for subsequent administration. Accordingly, we reverse the order under review and remand for further proceedings consistent with this opinion.

Reversed and remanded.